UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

LAKE PLACID GROUP, LLC, RESORT
HOLDINGS-LAKE PLACID, LLC, and JOSEPH
J. BARILE,

                Plaintiffs,

-against-

DAVID HOLLEY and JOHN DOE and
MARY ROE,

                Defendants.
_____

**STIPULATION AND ORDER**

Docket No.: 05-CV-0204
(DNH/RFT)

U. S. DISTRICT COURT
N. D. OF N. Y.
FILED
APR 2 5 2005
AT _____ O'CLOCK ___ M
LAWRENCE K. BAERMAN, Clerk
UTICA

      IT IS HEREBY STIPULATED AND AGREED by and between the attorneys for Plaintiffs and the attorneys for Defendant David Holley ("Defendant" or "Holley") as follows:

      1.    Holley hereby consents to the entry of an order granting preliminary injunctive relief, as requested in Plaintiffs' motion, by Order to Show Cause, dated February 17, 2005. Holley acknowledges that the temporary restraining order contained in the Order to Show Cause has been in effect from February 17, 2005 through and including the date of this Stipulation.

      2.    Upon execution of this Stipulation by (A) Holley, (B) his counsel (Thorn, Gershon, Tymann and Bonanni, LLP, Matthew McNamara, of counsel), and (C) Plaintiffs' counsel (Young Sommer, LLC, J. Michael Naughton, of counsel), Plaintiffs shall be authorized to present this Stipulation to the Court (without further notice to Holley) to be "so ordered" by the Court.

      3.    When this Stipulation has been "so ordered" by the Court, Holley shall be, and hereby is, preliminarily enjoined and restrained:

           (A)    from (1) utilizing Plaintiffs' confidential accounting data and records,

     banking information, customer lists, vendor lists and information, and lists of purchasers (contract vendees) and prospective purchasers of fractional interests in the Whiteface Lodge (Lake Placid, New York) and any other confidential/proprietary information and data of Plaintiffs and/or (2) directly or indirectly disseminating confidential/proprietary information concerning or relating to Plaintiffs and/or their projects and business affairs;

(B)  from accessing (by "hacking" into, using "spyware" viruses or programs or by other means) the computers (or computer stored data) of the Lake Placid Group, LLC and Resort Holdings-Lake Placid, LLC for any purpose;

(C)  from operating (or supporting/facilitating the operation of) the website known as www.thewhitefacelodge.org, and Holley is enjoined to close down/discontinue the operation of the website;

(D)  from contacting, communicating with, and/or corresponding, directly or indirectly, with: (1) Plaintiffs' lenders (including, without limitation, NBT Bank, Hudson River Bank, and Resort Finance) for the purpose of disseminating information or providing data concerning or relating to Plaintiffs and their projects and business affairs and/or (2) Plaintiffs' customers and sales prospects of Resort Holdings-Lake Placid, LLC, including, without limitation, the contract vendees and purchasers of interests in the Whiteface Lodge;

2

(E) from contacting, communicating with, or corresponding (directly or indirectly) with the media for the purpose of disseminating confidential/proprietary information regarding Plaintiffs or providing data concerning or relating to Plaintiffs and their projects and business affairs;

(F) from contacting or communicating (directly or indirectly) with any competitors of Plaintiffs in the hotel and/or resort hospitality/housing industry (1) for the purpose of communicating confidential/proprietary information concerning Plaintiffs and/or the Whiteface Lodge project, or (2) for the purpose of injuring Plaintiffs, and/or (3) with the intent or purpose of providing the competitors with a competitive or business advantage with respect to the Whiteface Lodge market;

(G) from causing, or assisting with, the filing of any liens (or lis pendens) regarding Resort Holdings' property;

(H) from entering on: (1) the premises known as the Whiteface Lodge, located on Whiteface Inn Road in Lake Placid, New York, and/or (2) the Outpost Shopping Center, 207 Saranac Avenue, Lake Placid, New York, and/or (3) the Whiteface Lodge sales office located at 76 Main Street, Lake Placid, New York, and/or (4) the residence of Mr. Barile on 5083 Cascade Road, Lake Placid, New York.

(I) from destroying or discarding or otherwise altering any records or computer data relating to the allegations of the Complaint, the Amended Complaint and/or Defendant David Holley's communications.

4.     Holley hereby consents to the entry of an order (A) directing Holley to provide Plaintiffs' computer consultant with access to Holley's computer and computer storage devices for inspection, copying and retrieval of any customer lists and data relating to Plaintiffs' business, the Whiteface Lodge or the acts and transactions alleged in the Amended Complaint, (B) directing Holley to turn over and divulge to Plaintiffs' counsel any customer lists, data or information concerning Plaintiffs' business and/or Plaintiffs' prospects and customers, which is in the possession, custody or control of Holley and/or his agents, and (C) directing Holley to cooperate with Plaintiffs to ensure that any customer lists, prospect data or other information retrieved by any spyware type program from Plaintiffs' computers by Holley and stored in any website owned, controlled, or accessible by Holley is returned to Plaintiffs, and rendered inaccessible by Holley and/or any third party.  When this Stipulation has been "so ordered," Holley shall comply with the terms of this paragraph (paragraph 4) of this Stipulation and Order and counsel for Plaintiffs and counsel for Holley shall agree on mutually acceptable terms to allow examination of Holley's computer in accordance with subparagraph (a) above.  Plaintiffs shall not remove or delete any data or communication from Holley's computer that is of a personal nature and which is not relevant to the allegations of the Amended Complaint.  When the inspection, copying and retrieval process is complete, Holley's computer and computer data storage devices shall be returned to Holley.

5.     Holley hereby forfeits, conveys and assigns to Resort Holdings-Lake Placid, LLC, any right, title and interest he may have in and to the domain name www.thewhitefacelodge.org.

6.     Holley hereby waives his right, if any, to appeal the provisions of this Stipulation when it has been "so ordered" by the Court.

4

7.   This Stipulation is without prejudice to: (A) Plaintiffs' rights to pursue and seek permanent injunctive relief and monetary relief in this action with respect to the claims set forth in Plaintiffs' Amended Complaint, and (B) Holley's right to contest Plaintiffs' claim for permanent injunctive relief and damages. This Stipulation, and Holley's decision to consent to preliminary injunctive relief, shall not be construed as an admission of liability, and, except as expressly provided in this Stipulation, all parties reserve their rights with respect to all claims and defenses with respect to the allegations of the Amended Complaint.

8.   As of the date of this Stipulation, Plaintiffs have not identified the John Doe and/or Mary Roe Defendants and, therefore, this Stipulation is without prejudice to Plaintiffs' right to seek injunctive relief as against any such John Doe/Mary Roe defendant subsequently identified.

9.   Miscellaneous:

(A)   This Stipulation sets forth and constitutes the entire agreement between the parties with respect to Plaintiffs' demand for preliminary and permanent injunctive relief as against Holley. This Stipulation may be modified only by a written document signed by the party against whom a modification is sought to be enforced. No waiver of this Stipulation or of any of the promises, obligations, terms, or conditions in this Stipulation is valid unless it is written and signed by the party against whom the waiver is sought to be enforced.

(B)   This Stipulation may be executed in identical counterparts, or by facsimile, each of which shall constitute an original and all of which shall constitute one and the same Stipulation.

(C)   This Stipulation is binding on the parties, their predecessors, successors, parents, subsidiaries, assignees, agents, directors, officers, employees, and shareholders. Each of the signatories to this Stipulation represents and warrants that he or she is authorized to execute this Stipulation on behalf of his or her respective party and by such signature to bind that party to this Stipulation.

(D) If any part or provision of this Stipulation is finally determined to be invalid or unenforceable under applicable law by a court of competent jurisdiction, that part or provision shall be ineffective to the extent of such invalidity or unenforceability only, without in any way affecting the remaining parts of said part or provision or the remaining parts or provisions of this Stipulation.

(E) The parties acknowledge that they have consulted with legal counsel of their choosing before entering into this Stipulation and that they execute this Stipulation freely and voluntarily. The parties acknowledge that they have read this Stipulation, know its contents, have consulted with their own counsel regarding same, enter into this Stipulation with full knowledge of all relevant facts and circumstances, and have signed it as their own free act, without duress.

(F) The parties cooperated in the drafting of this Stipulation, and its provisions shall not be construed against any party on the grounds that such party was the drafter of this Stipulation or any part thereof.

(G) This Stipulation shall be governed, in all respects, under the laws of the State of New York, irrespective of its choice of law rules. This Court shall retain jurisdiction to enforce this Stipulation when it has been "so ordered." Any dispute arising hereunder shall be brought in the United States District Court, Northern District of New York.

Date: April __, 2005

YOUNG SOMMER, LLC

THORN, GERSHON, TYMANN and BONANNI, LLP

By: _____
J. Michael Naughton, Esq.
Bar Roll No. 102257
Attorneys for Plaintiffs
Executive Park
Five Palisades Drive
Albany, New York 12205
(518) 438-9907

By: _____
Matthew H. McNamara, Esq.
Bar Roll No. 510394
Attorneys for Defendant
David Holley
5 Wembley Ct, New Karner Road
Box 15054
Albany, New York 12212-5054
(518) 464-6770

By: _____
J. Michael Naughton, Esq.
Bar Roll No. 102257
Attorneys for Plaintiffs
Executive Park
Five Palisades Drive
Albany, New York 12205
(518) 438-9907

By: _____
Matthew H. McNamara, Esq.
Bar Roll No. 510394
        Attorneys for Defendant
David Holley
5 Wembley Ct, New Karner Road
Box 15054
Albany, New York 12212-5054
(518) 464-6770

By: _____
David Holley

SO ORDERED:

_____
Honorable David N. Hurd

Dated: April ___, 2005

7

Five Palisades Drive
Albany, New York 12205
(518) 438-9907

5 Wembley Ct, New Karner Road
Box 15054
Albany, New York 12212-5054
(518) 464-6770

By: _____
David Holley

SO ORDERED: _____
Honorable David N. Hurd

Dated: April 25, 2005

Utica, N.Y.

7